## Case No. 6,597.

### HOLBROOK v. WORCESTER BANK.

[2 Curt. 244.] [1]

Circuit Court, D. Massachusetts. May Term, 1855.

EQUITY—ADMISSION IN ANSWER—ESTOPPEL—CERTIFICATE OF ACKNOWLEDGMENT AND REGISTRATION OF DEED—WHETHER CONCLUSIVE — GRANTOR AS WITNESS TO IMPEACH DEED — REDEMPTION OF MORTGAGE.

1. An admission, in an answer to a bill in equity, that a deed bears a certain date, does not estop the defendant from showing the deed was not then delivered, and was fraudulently antedated.

2. In Massachusetts, the certificate of acknowledgment and the registration of a deed, do not estop a third person from proving that both the deed and the certificate were fraudulently antedated; and the grantor is a competent witness to prove this. It is not necessary to call a subscribing witness.

3. If a mortgagor induces a third person to purchase a mortgage by promising in writing to pay with interest the whole sum advanced, the assignee of the equity of redemption will be allowed to redeem only, by paying what the assignor must have paid.

[Bill by Wilder Holbrook against the president, directors, and company of the Worcester Bank.]

Mr. Robb, for complainant.

R. Newton, contra.

CURTIS, Circuit Justice. This is a suit in equity to redeem a mortgage, and now comes before the court upon exceptions to the report of a master to whom it was referred, to take an account of what is due on the mortgage. The substance of all the exceptions, urged at the hearing, is that the master has applied certain moneys, received by the respondents, under a policy of insurance against fire, to the payment of a second mortgage on the property, so far as they were necessary to pay the same, and the residue only of the insurance money towards the satisfaction of the mortgage, which the complainant is seeking to redeem; whereas the complainant insists that the whole of the insurance money, or, at all events, a pro rata part, should be applied to the last-mentioned mortgage. If both mortgages were valid, inasmuch as the complainant would be obliged to redeem both, to enjoy the land, the question would not be material. It becomes so, because the complainant seeks to redeem one of the mortgages, and denies the validity of the other. To make the opinion of the court intelligible, it is necessary to state that, in 1839, Sylvanus Holbrook

---

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

made the first mortgage, which the bill seeks to redeem, to Henry M. Holbrook, and that in 1847 the respondents, at the request of Sylvanus Holbrook, paid to Henry M. the amount of the mortgage debt, and took an assignment of the mortgage. At the same time, Sylvanus Holbrook made to the respondents the other mortgage, to secure the sum of five thousand dollars, the validity of which is questioned. The ground for questioning its validity is, that in 1841 Sylvanus Holbrook became insolvent under the laws of Massachusetts, and all his property was transferred to one Pitts, as his assignee; and that Pitts on the 24th day of June, 1844, conveyed Sylvanus Holbrook's title to this property, which was then subject to the first mortgage only, to the complainant. The respondents' reply to this is, that on the 24th day of June, 1844, Pitts, the assignee, conveyed that title to Sylvanus Holbrook. That though he did not record the deed, he actually held it, and had the title in 1847, when he made the second mortgage to the respondents. That several years afterwards, by a fraudulent concert between Sylvanus Holbrook, Stephen B. Holbrook, and the complainant, the deed from Pitts to Sylvanus Holbrook was destroyed, and Pitts, who was ignorant of any fraudulent design, was induced to execute another deed to the complainant, which was antedated, so as to appear to have been made on the 24th of June, 1844, and that Stephen B. Holbrook, who was a justice of the peace, fraudulently and falsely antedated Pitts' acknowledgment of the deed, so as to correspond with the apparent date of the deed. The master has found the fraud to have been perpetrated as alleged by the respondents, and the complainant, under his exceptions, now objects to that finding, on several grounds.

The first is, that the answer does not deny that the deed from Pitts to the complainant was given at its date. I think the view taken by the master of this point is correct. The bill does not allege that this deed was delivered at the time it bears date, but only that it bears a certain date. This the answer admits, and the respondents do not now seek to deny it. I do not think them estopped by their answer from proving the fraud.

It is further objected, that it was not competent to examine Pitts, to prove the invalidity of the second deed made by him; first, because Stephen B. Holbrook, the subscribing witness to that deed, was present, and was alone competent; second, because Pitts could not lawfully testify to avoid his own deed. Neither of these objections is tenable. The execution or delivery of the deed was not in question. The facts to be proved were dehors the deed, and one witness was as competent, in point of law, to prove them, as another.

The rule that a party to an instrument shall not be heard as a witness to impeach it, is confined to negotiable instruments. In U. S. v. Leffler, 11 Pet. [36 U. S.] 86, it was held not to be applicable to a bond, and in Taylor v. Luther [Case No. 13,796], to a deed.

It is also insisted that the certificate of the justice of the peace cannot be contradicted. But this cannot be maintained. His certificate is not a record by which any one is estopped; and, so far as I know, the utmost effect which has ever been claimed for such a certificate is, that it is primâ facie evidence. It has been so held by the supreme court of the United States in several cases,—[Carver v. Jackson] 4 Pet. [29 U. S.] 1; [Crane v. Morris] 6 Pet. [31 U. S.] 598,—under the laws of different states. But in Massachusetts, I apprehend that the only effect of an acknowledgment of a deed is to authorize the register to record it, and that it has no operation whatever beyond this. Certainly it has never been understood to dispense with the production of evidence of the execution of the deed, when that was in question, and still less that it rendered all other evidence inadmissible. Wilder Holbrook did not act personally in obtaining the deed from Pitts; he was represented by Stephen B. Holbrook. That the latter had actual knowledge of the existence of the former deed is clearly proved. Pitts testified that Stephen B. Holbrook handed it to him to be destroyed at the time the second deed was made. Notice to an agent in the course of the same transaction in which he acts for his principal, is notice to the principal. It was competent to prove this notice by Pitts, though S. B. Holbrook was present. In respect to the insurance money in question, it was received under a policy made to Sylvanus Holbrook, and by him assigned to the respondents. The assignment declares that, "having mortgaged the property to President, Directors, & Co. of the Worcester Bank, I hereby assign and transfer the within policy to them." The master has found that this policy was specifically assigned to the bank on account of, and as further security for, the sum of five thousand dollars, secured by the second mortgage, and has applied the moneys received under the policy to repay that loan. As the assignment itself declares as its purpose and inducement the existence of a mortgage made by the assignor to the bank, and as this mortgage for five thousand dollars was the only one made by the assignor to the bank, it seems to be a just, not to say necessary inference that the instrument of assignment does make the specific appropriation reported by the master. But the complainant insists that the mortgage which the assignor made to Henry M. Holbrook, and which the latter assigned to the bank, may also be embraced in the terms of the assignment, and that the answer of the bank admits that this policy was assigned as security for both mortgage debts, and that

the bank has so treated it in an account which is produced, taken from their books. The answer, speaking of this and another policy ·of· insurance, and not distinguishing between them, does say they were delivered as security for "this and another mortgage debt." But that it was not intended to admit that this policy was justly applicable to both, pro rata, is clear; for, in plain terms, the answer insists on the right to appropriate the proceeds of this policy to the payment of the five thousand dollars mortgage. What was probably meant was, that both policies were taken as security for these debts, but that the answer does not undertake in this place to declare to which particular debt each was first to be appropriated. I think the master came to the correct conclusion, that the account referred to does not show any appropriation. The respondents, undoubtedly, believed both mortgages valid, and kept on their books only one account concerning them; but I do not see satisfactory evidence that they intentionally made an appropriation of the insurance moneys by the entries on this account; and the paper produced by Stephen B. Holbrook, as having been furnished to him by the cashier of the bank, shows no appropriation whatever. It merely states the amounts and dates of the two loans, and what had been received for rent and insurance, but does not appropriate these receipts to the payment of one, or the other, or both debts.

The remaining objection is, that the ·master· treated the principal and interest paid by the bank to Henry M. Holbrook as principal, and allowed interest on the whole amount. This was precisely what the mortgagor agreed to, when the bank, at his request, paid the money. He gave a bond to the bank to repay what was thus advanced, with interest. It is his equity of redemption which the complainant is seeking to enforce. The complainant can be in no better condition than his assignor. He took the right subject to all equities which bound his assignor, and cannot have relief without satisfying those equities.

The exceptions to the master's report are overruled, and a decree is to be entered accepting the report, and allowing a redemption upon payment of the sum and interest therein declared to be due.

I have forborne to make any observations upon what would have been the rights of this complainant, against whom I think the second mortgage valid, if the bank had not made good its right to apply the insurance money to the payment of the second mortgage. In that case, the question would have ·been, whether the complainant could redeem the first mortgage without the second. But as the second is paid, no such question now exists.